UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TYLER HARRIS | § | CIVIL ACTION NO.: 3:24-cv-00223 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GALVESTON COUNTY TEXAS | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**DEFENDANT GALVESTON COUNTY'S MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(6)**

To the Honorable Jeffrey V. Brown, United States District Judge Presiding:

Galveston County, Defendant herein, files this Motion to Dismiss Plaintiff's Original Complaint[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and would show this Honorable Court the following:

*FACTUAL BACKGROUND*

1. Plaintiff, Tyler Harris, was arrested by Galveston County Sherriff's Office Deputy Jordan Buckley for driving while intoxicated (¶5), a violation of Texas Penal Code § 49.04. The arrest followed Deputy Buckley's 1) observation of Plaintiff's operation of a motor vehicle (¶ 22), 2) observation of Plaintiff's failure to stop despite activation of the emergency lights on Deputy Buckley's vehicle (¶¶ 23-24, 30), 3) observation of Plaintiff's presentation, appearance, and responses to initial questions after Plaintiff finally stopped (¶¶ 25-28, 34, 40, 46-48), 4) Deputy

---

[1] Document 1.

Buckley's recognition of the odor of marijuana while near Plaintiff's vehicle (¶ 81), and 5) based on Plaintiff's performance during Standardized Field Sobriety Tests (¶¶ 50-55, 57).

2. The arrest took place at a convenience store located on F.M. 646 in League City, Texas.[2]

3. Following the arrest, Plaintiff consented to a voluntary blood draw. He was driven directly from the location of the arrest to Memorial Hermann Hospital in League City, Texas (¶¶ 82-83).

4. Following the blood draw, Deputy Buckley transported Plaintiff to the Santa Fe, Texas Police Department for further observation and testing conducted by Galveston County Sheriff's Office Deputy Anthony Rao, a Drug Recognition Expert (¶ 84). Depuy Rao read Plaintiff his *Miranda* rights.[3] Deputy Rao then performed a Drug Influence Evaluation of the Plaintiff which included additional questioning, observations, evaluations, and testing of the Plaintiff (¶¶ 85-89). Following the Drug Influence Evaluation, Deputy Rao concluded that Plaintiff was under the influence of a CNS (Central Nervous System) Depressant and unable to operate a vehicle safely.[4]

5. Following the Drug Influence Evaluation by Deputy Rao, Deputy Buckley transported the Plaintiff to the Galveston County Jail in Galveston, Texas (¶ 91).

---

2 Exhibit 1 Incident Report., Exhibit 2 DWI Case Report.
3 Exhibit 3, Drug Influence Evaluation.
4 *Id.*

6. The Plaintiff's blood sample was evaluated by a Texas Department of Public Safety Crime Laboratory which concluded that results were negative for the substances included in the standard test protocol (¶ 80).

7. On December 15, 2022, the charges against the Plaintiff were dismissed based on insufficient evidence in Cause NO. 22-MD-0040754 in County Court at Law Number 3 of Galveston, County, Texas (¶ 94).[5]

8. Plaintiff's Original Complaint makes repeated references to Deputy Buckley's body camera video (¶¶ 21, 60, 76[sic][6] & 78) and the dash camera video from Deputy Buckley's vehicle (¶¶ 21, 30, 76[sic][7] & 78).

9. The Original Complaint also makes repeated references to the contents of the investigative reports of Deputy Buckley (¶¶ 65, 66, 73, 74, 76, 74[sic],[8] 79, 80, 81), and Deputy Rao (¶¶ 84-89).

10. As Plaintiff referenced the contents of the body cam and dash videos, and the investigative reports of Deputy Buckley and Deputy Rao in his Original Complaint the Court is entitled to see the full videos and reports. The Incident Report[9] and DWI Report[10] completed by Deputy Buckley and the Drug Influence Evaluation report[11] of Deputy Rao are attached. Also being supplied are the body camera video[12] of

---

[5] The Court can take judicial notice of the basis for the dismissal as the order of dismissal is a publicly available records available in the Galveston County court records. in Cause NO. 22-MD-0040754 in County Court at Law Number 3 of Galveston, County, Texas.
[6] Following Paragraph 76 on page 12, the following paragraphs are again numbered 74-76 before the sequencing begins again with Paragraph 77. See Doc. 1 pages 12-13.
[7] Id.
[8] See Doc. 1 page 13.
[9] Exhibit 1.
[10] Exhibit 2.
[11] Exhibit 3.
[12] Exhibit 4

3

Deputy Buckley from the initial encounter and arrest, and the dash camera video[13] from Deputy Buckley's vehicle that capture Plaintiff's operation of the vehicle prior to the stop.

## PLAINTIFF'S COUNTS FOR RELIEF AGAINST THE COUNTY

11. Plaintiff asserted the following Counts against Galveston County:

### COUNT TWO-42 U.S.C. § 1983
### MUNICIPAL LIABILITY

**Deprivation of Constitutional Rights through Failure to Train and Supervise**

### COUNT THREE-42 U.S.C. § 1983
### MUNICIPAL LIABILITY

**Constitutional Deprivation of a Citizen's Right to be Free from Wrongful Search and Seizure and a Citizen's Right to Equal Protection as Guaranteed by the Fourth and Fourteenth Amendment through Policy, Custom or Practice**

### COUNT FOUR-42 U.S.C. § 1983
### MUNICIPAL LIABILITY

**Violation of the Fourth Amendment and Fourteenth Amendment Unconstitutional Galveston County policy and custom**

## STANDARD OF REVIEW

12. **Rule 12(b)(6)** provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

---

[13] Exhibit 5.

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556- 557; *Iqbal*, 556 U.S. at 680.

13. "[T]he tenet that the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679.

14. In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90, (1974). But, as it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. It is only then that the court can view the well

pleaded facts, "assume their veracity and determine whether they plausibly give rise to an entitlement to relief." *Id*.

## ARGUMENT AND AUTHORITIES

### A. Count Two-Deprivation of Constitutional Rights through Failure to Train and Supervise

15. "Only where a failure to train reflects a deliberate or conscious choice by a municipality – a policy as defined by our prior cases – can a city be liable for such a failure under §1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

16. The Fifth Circuit has noted that a failure-to-train contention is "a notoriously difficult theory on which to base a *Monell* claim, as it requires plaintiffs to prove that the municipality was aware of an impending rights violation but was deliberately indifferent to it." *Allen v. Hayes*, 65 F.4th 736, 749-750 (5th Cir. 2023). To support this contention, the Plaintiff must demonstrate that "in light of the duties assigned to specific officers or employees [,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers … can reasonably be said to have been deliberately indifferent to the need." *Id at 749-750.*

17. The failure-to-train theory requires a plaintiff to prove that "(1) the [County] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Pena v. City of Rio Grande City*, 879 F.3d 613,

6

623 (5th Cir. 2018). As the "standard for [municipal] fault" is a 'stringent' one, '[a] pattern of similar constitutional violations by untrained employees is ordinarily' required to show deliberate indifference." *Id.* Plaintiff has not plead facts demonstrating a pattern of similar constitutional violations by untrained employees as ordinarily required to show deliberate indifference.

18. To establish that the County's policies were inadequate, Plaintiff "must allege with specificity how a particular … program is defective." *Campbell v. Pena*, 2024 U.S. Dist. LEXIS 14545, *13 (5th Cir. 2024). Plaintiff in his Original Complaint merely alleges policies and practices were deficient. But he fails to allege any facts, as required, regarding County training or supervisory policies such that the court could plausibly conclude were inadequate. Absent such allegations, Plaintiff failed to plead the first element of his claim. *Id.*

19. The paragraphs supporting Count Two are simply recitations of legal conclusions, and formulaic recitation of the elements of a cause of action. The Plaintiff pleads no facts articulating specific training that was lacking or deficient, nor a deliberate decision not to train or supervise, of the named individual defendants, Deputy Buckley or Deputy Healy.

    **B. Count Three-Constitutional Deprivation of a Citizen's Right to be Free from Wrongful Search and Seizure and a Citizen's Right to Equal Protection as Guaranteed by the Fourth and Fourteenth Amendment through Policy, Custom or Practice**

### C. Count Four-Violation of the Fourth Amendment and Fourteenth Amendment through Policy, Custom or Practice

20. Galveston County cannot be held liable under §1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Allen,* 65 F.4th at 749. "The unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur. … [E]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The Fifth Circuit requires a plaintiff to identify "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)". *Id.* The first element can be shown by "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by … an official to whom the lawmakers have designated policy-making authority" or through a "persistent, widespread practice." *Id.* The second element requires Plaintiff to plead "[a]ctual or constructive knowledge of [a] custom" that is "attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority." *Id.*

21. "To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024); *City of Rio Grande City*, 879 F.3d at 622. The complaint

must allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *City of Rio Grande City*, 879 F.3d at 623.

22. Galveston County cannot be liable for an unwritten custom unless "[a]ctual or constructive knowledge of such custom" is attributable to a [County} policymaker." *Id.* Without more, Plaintiff's allegation fails the second prong of §1983 as well. *Id.*

23. Plaintiff's Original Complaint is devoid of any references to any County policy or custom as required under Fifth Circuit precedent. Nor does Plaintiff plead faccts demonstrating a causal nexus between any policy or practice and an alleged constitutional violation. The paragraphs supporting Counts Three and Four are simply recitations of legal conclusions, and formulaic recitation of the elements of a cause of action. He pleads no facts that satisfy the Fifth Circuit pleading requirements.

## CONCLUSION AND PRAYER

24. For the reasons and legal authorities cited above, Defendant Galveston County prays that it will be Dismissed from this case with prejudice, and for such other and further relief in law and in equity to which it may be justly entitled.

Respectfully submitted,

/s/ Bryan R. Lasswell
Bryan R. Lasswell
Attorney-in-Charge
Federal Bar No. 15715
SBOT: 00784450
brlasswell@mapalaw.com
Genevieve Bacak McGarvey
Federal Bar No. 11272
SBOT: 01487525
gbmcgarvey@mapalaw.com
McLeod, Alexander, Powel & Apffel, P.C.
802 Rosenberg- P.O. Box 629
Galveston, Texas 77553
(409) 763-2481
(409) 762-1155 Facsimile

Attorneys for the Defendants

## CERTIFICATE OF CONFERENCE

On August 27, 2024 Counsel for Defendant conferred with Plaintiff's Counsel with regard to this motion and Plaintiff is Opposed.

/s/ Bryan R. Lasswell
Bryan R. Lasswell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically on the 13th day of September, 2024, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfied the requirements of Fed. R. Civ. P. 5(b)(2)(D).

/s/ Bryan R. Lasswell
Bryan R. Lasswell